IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JASON BROWN, | ) |
| | ) No.: 18-2-23052-7 KNT |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT FOR WRONGFUL** |
| | ) **TERMINATION** |
| ALLSTREAM BUSINESS US, INC., an Oregon corporation, ALLSTREAM BUSINESS US, LLC, an Oregon limited liability company and ELECTRIC LIGHTWAVE, LLC, a Delaware Limited Liability Company, | ) |
| | ) |
| Defendants. | ) |

Comes Now Plaintiff, Jason Brown, by and through his attorney, Frederick J. Newman, IV, and alleges as follows:

## I. PARTIES

1. Plaintiff Jason Brown resides in Maple Valley, King County, Washington.

2. Defendant, Allstream Business US, Inc., (Allstream-Inc) is an employer as defined by RCW 49.60.040 in that it employs eight (8) or more persons. It is the successor business of Integra Telecom Holdings, Inc.

COMPLAINT - 1

Pendragon Law Group, LLC
1001 Fourth Avenue
Suite 3200
Seattle, Washington 98154
Phone (206) 781-3443
Fax (206) 830-9244

3. Allstream-Inc does business throughout the State of Washington and in King County, Washington.

4. Defendant, Allstream Business US, LLC, (Allstream-LLC) is an employer as defined by RCW 49.60.040 in that it employs eight (8) or more persons. It is the successor business of Integra Telecom Holdings, Inc.

5. Allstream-LLC does business throughout the State of Washington and in King County, Washington.

6. Defendant, Electric Lightwave, LLC, (Lightwave) is an employer as defined by RCW 49.60.040 in that it employs eight (8) or more persons. It is the successor business of Integra Telecom of Washington, Inc.

7. Lightwave does business throughout the State of Washington and in King County, Washington.

## II. JURISDICTION AND VENUE

8. Jurisdiction. The superior courts of the State of Washington have jurisdiction over the parties to and the subject matter of this litigation.

9. Venue. Venue is properly laid in King County.

## III. BACKGROUND FACTS

10. In 2008, Integra Telecom Holdings, Inc., registered in the State of Washington as Foreign Profit Corporation. In August 2016, Integra filed a Foreign Registration Amendment with the Washington Secretary of State changing its name to Electric Lightwave Holdings, Inc.

11. In June, 2017, Electric Lightwave Holdings filed a Foreign Registration Amendment with the Washington Secretary of State changing its name to Allstream Business US, Inc. At all times it has remained a foreign profit corporation.

12. Allstream-Inc is a mere continuation of Electric Lightwave Holdings in that it only changed its name.

13. In February 2018, Allstream-Inc filed Articles of Conversion with the Oregon Secretary of State converting its entity status from a corporation to a Limited Liability company.

COMPLAINT - 2

Pendragon Law Group, LLC
1001 Fourth Avenue
Suite 3200
Seattle, Washington 98154
Phone (206) 781-3443
Fax (206) 830-9244

Its new name is Allstream Business US, LLC. Neither Allstream-Inc nor Allstream-LLC registered the change with the Washington Secretary of State.

14. Allstream-Inc has not terminated its registration with the Washington Secretary of State. It is still registered with the Washington Secretary of State to do business in Washington.

15. Integra Telecom of Washington, Inc., was registered to do business in Washington during the time of Mr. Brown's employment. In January 2018, Integra Telecom of Washington merged into Electric Lightwave, LLC.

16. Electric Lightwave, LLC, is registered to do business in Washington and is a mere continuation of Integra Telecom of Washington.

17. Electric Lightwave, LLC, is a successor in liability for Integra Telecom of Washington's wrongful actions against the Plaintiff.

18. Allstream-Inc is a successor in liability for Integra Telecom Holding's wrongful and discriminatory conduct due to its ultimate absorption of Integra Telecom Holdings.

19. Allstream-LLC is a successor in liability for Integra Telecom Holding's wrongful and discriminatory conduct due to its ultimate absorption of Integra Telecom Holdings.

20. Jason Brown was employed by both Integra Telecom of Washington and Integra Telecom Holdings at the time of his termination.

21. However, the entity listed on Mr. Brown's paystubs was Integra Telecom Holdings, Inc. Integra Telecom Holdings is also listed on the *Separation Agreement and Release of Claims* agreement given to Mr. Brown indicating that his employment with Integra Telecom Holdings, was terminated on September 21, 2015.

22. Mr. Brown, was employed as an Indirect Channel Sales Manager from June 2013 until he was wrongfully terminated on September 21, 2015.

23. He was a top performer, frequently exceeding his assigned quotas. At the time of his termination, Mr. Brown was second in the company in sales for his channel and number one for the Western division.

24. While working as an Indirect Channel Manager, Mr. Brown was responsible for bringing in sales, managing sales, and fostering relationships with independent agents who had signed contracts that paid them a residual and upfront income for any account they brought to the company.

25. The contracts specified that the account was protected from other sales agents employed

COMPLAINT - 3

Pendragon Law Group, LLC
1001 Fourth Avenue
Suite 3200
Seattle, Washington 98154
Phone (206) 781-3443
Fax (206) 830-9244

or contracted with Integra from attempting to sell, modify, or change the client agreements.

26. Mr. Brown became aware of several incidents where members of the Direct Sales group had presented proposals and changed the client's service plans. This violated the Rules of Engagement that were in place. The result would damage Mr. Brown's agents' relationship with the clients and negatively impact their residual income from those clients.

27. Mr. Brown complained several times to senior management in Direct Sales regarding the activities of the Direct Sales agents. Despite notifying senior management of the violations, Defendants continued to allow the Direct Sales agents to violate the terms of the contracts as well as the Internal Rules of Engagement.

28. Mr. Brown continued to notify senior management of the violations for several months. But no action was taken by management to stop the violations.

29. During this period, Mr. Brown's immediate Sales Vice President was terminated and replaced with Scott Forbush, the Director of the Direct Sales Channel. Who allowed the contract violations to continue while he was head of Direct Sales.

30. Mr. Brown suffers from peripheral neuropathy. The disability causes intense nerve pain, particularly in his legs and feet, making it difficult to walk for long periods.

31. The Defendants leadership was aware of Mr. Brown's disability. He had previously discussed it with his supervisor and vice-president. Mr. Brown's position allowed him to work remotely. Mr. Brown was allowed to work from home as long as he was online and able to be contacted. This was something that was approved by his Sales Director.

32. Forbush, made it clear that he wanted his people working in the office and did not like Brown working from home.

33. Forbush also wanted the sales managers to be in the field calling on clients and having face to face meetings.

34. There was tension between Forbush and Mr. Brown due to his complaints that Direct Sales agents were violating the terms of the Indirect Sales agents' contracts. At this point, Brown discussed with his director that he was considering seeking short term disability from his position, as he had sensed the office environment being more hostile and he had concerns

35. Mr. Brown complained to his Director, Jeff Waddell, concerning his treatment and how

COMPLAINT - 4

Pendragon Law Group, LLC
1001 Fourth Avenue
Suite 3200
Seattle, Washington 98154
Phone (206) 781-3443
Fax (206) 830-9244

the increase in stress was aggravating his disability. He also informed Mr. Waddell of his decision to request short-term disability.

36. Mr. Waddell told Mr. Brown he would discuss the matter with Mr. Forbush and encouraged Mr. Brown to hold off on his request for short-term disability until after a meeting that was supposed to be a market review that was scheduled in Vancouver, Washington.

37. On September 21, 2015, at the meeting, Mr. Brown was called into a room with two other members of his team. He was first advised that his Director Jeff Waddell had been terminated, and that he was being let go as well. The reason given for the termination was a restructure of the business and elimination of Mr. Brown's position.

38. At the meeting, several other individuals with recognized disabilities were also terminated.

39. The reason given for the termination was pre-textual. Within weeks of Mr. Brown's termination the Defendants began advertising a job vacancy for the exact same position on its career's page and eventually hired an acquaintance that Mr. Brown knew for the position. Further, employees with similar positions were retained despite not meeting sales expectations or having the sales success that Mr. Brown had.

40. Mr. Brown's disability and his complaints regarding actions of the Direct Sales group were substantial factors in the decision to terminate his employment.

41. As a result of his termination, Mr. Brown has suffered both economic and noneconomic damages.

### IV. CLAIM FOR DAMAGES

A. VIOLATION OF WASHINGTON'S LAW AGAINST DISCRIMINATION

42. Mr. Brown re-alleges paragraphs 1 through 41 above.

43. The conduct acts, and omissions of the Defendants constitute a failure to accommodate Washington's disability adverse employment action on the basis of Washington's disability and retaliation. Such acts, singularly and collectively, are in violation of RCW Chapter 49.60, Washington's law against discrimination.

44. The Defendants' illegal and discriminatory acts have resulted in and proximately caused injury and damage to Washington in an amount to be proven at trial for which he is entitled to recover actual and compensatory economic and non-economic, special and general damages, and attorneys' fees and costs, as permitted by RCW Chapter 49.60.

COMPLAINT - 5

Pendragon Law Group, LLC
1001 Fourth Avenue
Suite 3200
Seattle, Washington 98154
Phone (206) 781-3443
Fax (206) 830-9244

### B. RETALIATION

45. Mr. Brown re-alleges paragraphs 1 through 41 above.

46. Through the actions described above, the Defendants retaliated against Mr. Brown for opposing unlawful practices.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court grant him Judgment against the Defendant for the following relief:

A. Judgment against Defendant for all past and future economic and noneconomic damages including past and future wage loss;

B. Attorney's fees, costs, and any other relief available pursuant to RCW 49.60, case law, and applicable statutes;

C. Prejudgment interest;

D. Any other such relief as the court deems just and equitable.

DATED this __10th__ day of September, 2018.

Pendragon Law Group, LLC

/s/ Frederick J. Newman, IV
Frederick J. Newman, IV
WSBA #29135
Pendragon Law Group, LLC
1001 4th Ave, Ste 3200
Seattle, WA 98154
Telephone: (206) 781-3443
Fax: (206) 830-9244
Email: fjnewman@pendragonlaw.com
Attorney for Plaintiff

COMPLAINT — 6

Pendragon Law Group, LLC
1001 Fourth Avenue
Suite 3200
Seattle, Washington 98154
Phone (206) 781-3443
Fax (206) 830-9244